IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

CARDELL TOLIVER, IN HIS REPRESENTATIVE
CAPACITY AS GUARDIAN OF CORNELIUS TOLIVER,
Plaintiff

v.  No. 4:03CV11-P-B

NATIONAL HERITAGE REALTY, INC.,
Defendant

## **OPINION AND ORDER**

This matter is presently before the court on plaintiff's Motion for Contempt and for Sanctions [Docket Entry No. 149]. Plaintiff's motion contends that defendant National Heritage Realty, Inc. (Defendant) has failed to comply with this court's order of June 29, 2005, which found that defendants' objections interposed to plaintiff's discovery requests were groundless and ordered defendant to serve full and complete responses to plaintiff's interrogatories and requests for documents by July 11, 2005.

Plaintiff attached copies of defendant's First supplemental Responses to First Set of Interrogatories to Defendant, which is not signed by an officer of the defendant corporation (nor, of course, attested), and defendant's Second Supplemental Responses to First Set of Request for Production (sic), both dated June 8, 2005. As these responses pre-date the Order of June 29, 2005, it is crystal clear that neither supplemental response was drafted with a view toward compliance with the June 29, 2005, Order. Instead, defendant filed on July 11, 2005, Defendant's Notice of Prior Compliance with the June 29, 2005 Order, in which defendant

contended that the supplemental responses of June 8, 2005, complied with the June 29, 2005, Order.

The court finds that the June 8, 2005, supplemental responses are not compliant with this court's Order.

To begin with, in utter disregard for the court's finding that defendant's objections to plaintiff's discovery requests were groundless, defendant's supplemental responses are chock full of groundless and frivolous objections, virtually all of which begin with this:

"without waiving the following objection ..."
followed by a response characterized by a reference to some other response, or a contention that the information is protected by the attorney work-product doctrine or attorney/client privilege. None of the defendant's claims of privilege were made in compliance with the requirements of F.R.C.P. Rule 26(b)(5).

The defendant's supplemental responses to Interrogatories 2, 3, 5 and 10 and Request for Production No. 5 are not responsive, nor complete, and all the supplemental responses contain frivolous objections of the type noted above. Such "objections" are neither valid nor grounded in law, and all such objections are deemed waived. Defendant shall serve on or before September 14, 2005, complete, responsive answers to plaintiff's Interrogatories 2, 3, 5 and 10 and produce the document(s) as requested by Request for Production No. 5.

As a consequence of defendant's and its attorneys' contumacious conduct, as described above, defendant and the law

firm Wilkins, Stephens & Tipton, P. A. are ordered to pay to plaintiff and his attorney all fees and expenses associated with the filing of the Motion to Compel and the Motion for Contempt and Sanctions. Plaintiff's counsel shall file his affidavit of time and expenses and the hourly rate customarily charged by him on or before September 16, 2005. Defendant and its attorneys may file objections to such request for fees and expenses by September 26, 2005.

In addition, for its misconduct as described above, the law firm Tipton, Stephens & Wilkins, P. A. Is sanctioned in the amount of $2,500.00, which shall be paid to the Clerk of this Court by September 16, 2005, and applied to such account of the court as the Chief Judge directs.

Accordingly, the plaintiff's request that defendant's answer be stricken and for order that this matter proceed to trial on damages only is DENIED. The motion for imposition of sanctions and attorneys' fees is GRANTED.

The court need not address the issue of contempt at this time but notifies the attorneys herein sanctioned that any misconduct in the future of the sort displayed in this case will most assuredly invite the court to address that issue.

SO ORDERED, this the 2nd day of September, 2005.

/s/ Eugene M. Bogen
UNITED STATES MAGISTRATE JUDGE