IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

CARDELL TOLIVER, IN HIS
REPRESENTATIVE CAPACITY AS
GUARDIAN OF CORNELIUS TOLIVER                                          PLAINTIFF

VERSUS                                              CIVIL ACTION NO. 4:03CV11-P-B

NATIONAL HERITAGE REALTY, INC., d/b/a
GREENWOOD HEALTH AND REHABILITATION
CENTER; AND JOHN AND JANE DOES 1-10                                   DEFENDANTS

# ORDER

This cause is before the Court on the defendants' Petition for Permission to Appeal the District Court's Order Denying Defendant's Motion for Summary Judgment and for an Order Staying Proceedings, Or in the Alternative, Defendant's Application for Review of the District Court's Order Denying Defendant's Motion for Summary Judgment [174]. The Court, having reviewed the motion, the response, the briefs of the parties, the authorities cited and being otherwise fully advised in the premises, finds as follows, to-wit:

That the motion is not well-taken and should be denied. The Court is of the considered opinion that the Court's September 9. 2005 Order presents no "controlling question of law as to which there is substantial ground for difference of opinion" as required by 28 U.S.C. § 1292(b).

Rule 17(a) of the Federal Rules of Civil Procedure, cited by the defendants in their motion, does indeed mandate that all actions be prosecuted in the name of the real party in interest. However, the rule provides further:

No action shall be dismissed on the ground that it is not prosecuted in the name of

the real party in interest until a reasonable time has been allowed after objection for ratification of commencement of the action by, or joinder or substitution of, the real party in interest; and such ratification, joinder, or substitution shall have the same effect as if the action had been commenced in the name of the real party in interest.

F.R.C.P. 17(a).

Application of the rule to the instant case fully addresses the defendants' arguments. Cardell Toliver admittedly lacked the legal capacity to bring suit on his father's behalf at the time he commenced the action. But Rule 17 forbids dismissal on those grounds alone. Instead, the defendants' objection–here, the filing of a motion for summary judgment–triggered a duty on the part of the real party in interest to ratify, join or seek substitution as a party plaintiff. Cardell Toliver did so by opening an estate and seeking leave of the chancellor to maintain this action.

The lapse of time between the filing of the complaint and the opening of the estate is immaterial; the rule requires only that the real party in interest take appropriate action within a reasonable time after objection. The defendants did not raise an objection to Toliver's representative capacity until June 29, 2005. Toliver responded in a timely fashion on or about July 20, 2005.[1] Finally, the substitution of the real party in interest negates the defendants' proscription argument inasmuch as the rule provides that "substitution shall have the same effect as if the action had been commenced in the name of the real party in interest." The Court having sufficiently clarified the basis for its ruling,

IT IS, THEREFORE, ORDERED AND ADJUDGED that the Petition for Permission to Appeal the District Court's Order Denying Defendant's Motion for Summary Judgment and for an Order Staying Proceedings, Or in the Alternative, Defendant's Application for Review of the District

---

[1] The Court does not find that either the interim circumstance of the death of Toliver's father on March 22, 2003 or the new nomenclature of the claim fashioned in the complaint as one for survival fatal to the continued prosecution of the action.

Court's Order Denying Defendant's Motion for Summary Judgment [174] is not well-taken and should be, and hereby is, DENIED.  IT IS FURTHER ORDERED that, there being no reason to delay the trial of this matter, this case is hereby RESET for trial on March 6, 2006 at 9:00 a.m. in Greenville, Mississippi.

      SO ORDERED, this the 11th day of October, 2005.

                                    /s/ W. Allen Pepper, Jr.
                                    W. ALLEN PEPPER, JR.
                                    UNITED STATES DISTRICT JUDGE