IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION


CARDELL TOLIVER, IN HIS
REPRESENTATIVE CAPACITY,
ON BEHALF OF ALL WRONGFUL
DEATH BENEFICIARIES OF
CORNELIUS TOLIVER                                                                    PLAINTIFF


VERSUS                                                      CIVIL ACTION NO. 4:03CV11-P-B


NATIONAL HERITAGE REALTY, INC.,
D/B/A GREENWOOD HEALTH AND
REHABILITATION CENTER; AND JOHN
AND JANE DOES 1-10                                                                    DEFENDANTS


**ORDER**

This cause is before the Court on the defendant's Application for Review of the Magistrate Judge's Denial of Defendant's Motion to Reconsider [157-1]. The Court, having reviewed the motion, the response, the authorities cited and being otherwise fully advised in the premises, finds as follows, to-wit:

On or about May 9, 2005, defendant served plaintiff with some three hundred ninety-four (394) Requests for Admissions. In substance, those requests sought an admission by plaintiff that each and every employee of defendant who provided care for the decedent, in any form or fashion, during his stay at Greenwood Health and Rehabilitation Center, had complied with the applicable standard of care in his/her treatment of Mr. Toliver. Plaintiff failed to respond to the Requests for Admissions in a timely manner.[1]

---

[1] Plaintiff's counsel asserts in his response to both the Application for Review and defendant's Motion to Have Requests for Admission Deemed Admitted that he wrote to defense

On June 14, 2005, defendant filed its Motion for Order to Have Requests for Admission Deemed Admitted. Plaintiff responded to the motion on June 21, 2005 by filing a Motion for Protective Order seeking an adjudication that the number of requests for admission was excessive; in the alternative, plaintiff sought additional time to respond to the outstanding requests.

The assigned magistrate judge entered an order on June 29, 2005 denying the defendant's Motion to Have Requests for Admission Deemed Admitted on grounds that "defendant's requests for admission would require plaintiff to directly contradict the Complaint and call for legal conclusions."

Federal Rule of Civil Procedure 36(a) provides:

> A party may serve upon any other party a written request for the admission . . . of the truth of any matters within the scope of Rule 26(b)(1) set forth in the request that relate to statements or opinions of fact or of the application of law to fact . . . .
>
> Each matter of which an admission is requested shall be separately set forth. The matter is admitted unless, within 30 days after service of the request, or within such shorter or longer time as the court may allow or as the parties may agree to in writing, . . . the party to whom the request is directed serves upon the party requesting the admission, a written answer or objection addressed to the matter, signed by the party or by the party's attorney.

F.R.C.P. 36(a).

Plaintiff failed to respond to the defendant's Requests for Admissions in a timely fashion. The Court assumes the truth of plaintiff's counsel's averments concerning his June 6, 2005 letter to

---

counsel on June 6, 2005 asking defendant to withdraw its requests for admissions and that it serve no more than thirty requests for admissions as provided for in Uniform Local Rule 26.1(D)(2). In the alternative, plaintiff asserts that he requested the courtesy of fifteen additional days to respond to the Requests for Admission. Plaintiff did not attach a copy of the June 6, 2005 correspondence to either filing.

defense counsel and the relief requested therein.[2] Nonetheless, Rule 36(a) permits an extension of the thirty day response period in only one of two ways–by leave of court or pursuant to mutual agreement by the parties. Plaintiff's counsel never obtained defense counsel's assent to the requested extension. On the face of the matter, it would appear that Rule 36(a) applied and the defendant was entitled to the relief sought in its motion.

However, subsection (b) tempers somewhat the harsh effect of subsection (a). Subsection 9(b) reads as follows:

> Any matter admitted under this rule is conclusively established unless the court on motion permits withdrawal or amendment of the admission . . . . [T]he court may permit withdrawal or amendment when the presentation of the merits of the action will be subserved thereby and the party who obtained the admission fails to satisfy the court that withdrawal or amendment will prejudice that party in maintaining the action or defense on the merits.

F.R.C.P. 36(b). The reasoning advanced by Magistrate Bogen, e.g. that "defendant's requests for admission would require plaintiff to directly contradict the Complaint and call for legal conclusions," more than adequately supports Rule 36(b)'s requirement that withdrawal of admissions be permitted only if it will subserve the presentation of the merits of the action. As a further matter, nothing before the Court remotely suggests that withdrawal of the admissions would prejudice the defendant in maintaining a defense on the merits. Defendant cannot reasonably argue that it chose to forego discovery of the issues raised in the Requests for Admissions when the discovery deadline lapsed before the time for a response to same expired.[3]

---

[2] The Court likewise accepts defense counsel's representation that he never received the June 6, 2005 correspondence.

[3] Defendant served its Requests for Admissions on May 9, 2005. Adding three days to the prescribed time as provided for in F.R.C.P. 6(e), plaintiff's response time did not begin to run until May 13, 2005. The time for responding to defendant's Requests for Admissions did not

Though Judge Bogen's June 29, 2005 Order did not expressly state as much, it impliedly relieved plaintiff of the obligation to file any response to defendant's Requests for Admissions. The Court affirms that finding, particularly in view of this Court's sentiment that the 394 requests propounded by defendant not only exceeded the number of such requests permitted by Uniform Local Rule 26(D)(2), but far exceeded what might be construed as reasonable under the circumstances.

IT IS, THEREFORE, ORDERED AND ADJUDGED that the defendant's Application for Review of the Magistrate Judge's Denial of Defendant's Motion to Reconsider [157-1] is not well-taken and should be, and hereby is, DENIED. IT IS FURTHER ORDERED AND ADJUDGED that the Magistrate's June 29, 2005 Order denying defendant's Motion to Have Requests for Admission Deemed Admitted, as well as the August 5, 2005 Order denying defendant's Motion to Reconsider same, should be, and hereby are, AFFIRMED for the reasons set forth in the body of this Order.

SO ORDERED, this the 17th day of February, 2006.

/s/ W. Allen Pepper, Jr.
W. ALLEN PEPPER, JR.
UNITED STATES DISTRICT JUDGE

---

expire until June 11, 2005. Because that date fell on a Sunday, the provisions of F.R.C.P. 6(a) come into play:

> In computing any period of time prescribed or allowed by these rules . . . the day of the act, even, or default from which the designated period of time begins to run shall not be included. The last day of the period so computed shall be included, unless it is a Saturday, a Sunday, or a legal holiday, . . . in which even the period runs until the end of the next day which is not one of the aforementioned days.

F.R.C.P. 6(a). Application of Rule 6(a) to the present set of facts requires a finding that plaintiff's time for responding to the Requests for Admissions did not run until Monday, June 13, 2005–3 days after the extended discovery deadline imposed by the Magistrate's May 17, 2005 Order.