**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION**

**CARDELL TOLIVER, IN HIS
REPRESENTATIVE CAPACITY,
ON BEHALF OF ALL WRONGFUL
DEATH BENEFICIARIES OF
CORNELIUS TOLIVER**                                                                 **PLAINTIFF**

**VERSUS**                                                **CIVIL ACTION NO. 4:03CV11-P-B**

**NATIONAL HERITAGE REALTY, INC.,
D/B/A GREENWOOD HEALTH AND
REHABILITATION CENTER; AND JOHN
AND JANE DOES 1-10**                                                               **DEFENDANTS**

## ORDER

This cause is before the court on the defendant's Motion in Limine [158]. The Court, having reviewed the motion, the response, the authorities cited and being otherwise fully advised in the premises, finds as follows, to-wit:

Defendant's motion addresses some twenty-eight evidentiary issues. The Court's ruling on each of those issues and a brief explanation of the rationale therefor, follows.

1.  Defendant requests that plaintiff be instructed to refrain from any reference to defendant's insurance coverage and that all such references, either general or specific, to insurance coverage, insurance adjusting, or any other such reference to defendant's insurance company be redacted from any documents, writings, photographs or records sought to be introduced at trial in accordance with the provisions of F.R.E. 411. The plaintiff confesses this aspect of defendant's motion. Accordingly, it is well-taken and should be granted.

2. Defendant also seeks to exclude the lay opinions of certified nurse assistants or other nurses' aides concerning the decedent's alleged injuries and damages, as well as the cause and/or manner by which he sustained his injuries and/or damages, including but not limited to testimony regarding the care and treatment of Mr. Toliver, the actions or appropriateness of the care provided Mr. Toliver, or any personal opinions whatsoever concerning the care or treatment given Mr. Toliver or any other resident at Greenwood Health & Rehabilitation Center, or the conditions at said facility, on grounds that such opinions are properly confined to qualified experts and/or invade the province of the jury.

Federal Rule of Evidence 701 permits lay witnesses to give opinion testimony so long as the opinions is "(a) rationally based on the perception of the witness and (b) helpful to the clear understanding of the witness' testimony or the determination of a fact in issue, and ©) not based on scientific, technical, or other specialized knowledge within the scope of Rule 702." F.R.E. 701. Defendant failed to adequately articulate how the testimony at issue exceeds the reservoir of knowledge held by lay persons. As a further matter, such opinion testimony is not excludable merely because it speaks an ultimate issue of fact. Rule 704(a) specifically cautions: "[T]estimony in the form of an opinion or inference otherwise admissible is not objectionable because it embraces an ultimate issue to be decided by the trier of fact." F.R.E. 704. Accordingly, defendant's motion is not well-taken and should be denied.

3. Defendant requests that plaintiff be prohibited from introducing evidence of incidents involving nursing home residents other than Mr. Toliver on grounds that such evidence is irrelevant, prejudicial and violative of the medical privileges of said patients. However, the Court finds that evidence of prior similar incidents is clearly relevant to a showing that the poor care allegedly

received by Mr. Toliver was not an isolated incident and that defendant knew or should have known of the problems in their facility. Defendant's motion is well-taken only insofar as plaintiff is to refrain from introducing any evidence which could conceivably fall within the medical privilege recognized in Mississippi Code Annotate § 13-1-21.

4. Defendant also seeks to exclude the testimony of former employees regarding general conditions at Greenwood Health & Rehabilitation Center on grounds of relevance and unfair prejudice. The defendant's motion is not well-taken and should be denied for substantially the same reasons as set forth in subparagraph 3.

5. Defendant seeks the entry of an order forbidding plaintiff from eliciting testimony from his nurse expert which exceeds the scope of her expertise, in particularly any testimony concerning causation or purported violations of certain regulations governing the care of elderly or infirm individuals. Defendant's motion is not well-taken and should be denied. Rule 702 does not limit expert testimony to that of physicians; as a further matter, defendant has failed to adequately identify the particular testimony sought to be excluded or to cite legal authority in support of such a finding. Plaintiff's nurse expert will be permitted to testify on those matters which are consistent with the guidelines of F.R.E. 702.

6. Defendant requests the exclusion of testimony by former employees regarding criticisms of the defendant that are not directly related to the care and treatment provided to Mr. Toliver on grounds of relevance. The defendant's motion is not well-taken and should be denied for substantially the same reasons as set forth in subparagraph 3.

7. Defendant seeks to exclude any testimony or evidence of corrective measures taken by defendant on the basis that such evidence of subsequent remedial measures is prohibited by

F.R.E. 407 for purposes of proving negligence. Plaintiff counters that such evidence is relevant and admissible so long as it is offered for another purpose. To the extent that plaintiff seeks the admission of such evidence for one of the alternative purposes approved by F.R.E. 407, the defendant's motion is not well-taken and should be denied.

8. Defendant requests the exclusion of any evidence regarding the lack of 24-hour care on grounds that no applicable federal or state regulations require such measures and on the basis that such evidence is irrelevant, unduly prejudicial and would prove confusing to the jury. The evidence sought to be excluded is relevant to the adequacy of care provided to Mr. Toliver; accordingly, the motion is not well-taken and should be denied.

9. Defendant seeks the entry of an order prohibiting the introduction of evidence of incidents which occurred in other nursing facilities operated by the defendant, including evidence of other claims or lawsuits on the basis that such evidence is irrelevant and unduly prejudicial. Plaintiff avers that such evidence is material insofar as it tends to establish the knowledge and degree of skill defendant should have exercised. In addition, plaintiff urges that such evidence supports the theory that defendant's corporate structure contributed to Mr. Toliver's injuries because the company emphasized profit to the detriment of patient welfare. Defendant's motion is not well-taken and should be denied.

10. Defendant seeks to exclude any newspaper articles regarding other incidents or suits against it, as well as other published articles concerning allegations of under staffing, improper staffing or other nursing home negligence on grounds that such evidence is violative of F.R.E. 801, 802 and 805. In response, plaintiff represents that he has no intention of offering such evidence. Accordingly, the motion should be dismissed as moot.

4

11. Defendant requests the exclusion of any and all reference, testimony, or other efforts by plaintiff to introduce photographs of the decedent which were not previously disclosed in discovery. Defendant's motion is denied inasmuch as the Court deems it to be duplicative of the defendant's Motion in Limine to Exclude Certain Photographs [165].

12. Defendant seeks the entry of an order prohibiting the introduction of testimony or other documentary evidence relative to the wages and salaries earned by defendant's employees as irrelevant and more prejudicial than probative. Plaintiff's response indicates that the information sought to be excluded is relevant for purposes of demonstrating that defendant emphasized revenue rather than qualifications in its hiring decisions, e.g., that untrained, unknowledgeable employees commanded lower wages than well-trained, experienced staffers. Defendant's motion is not well-taken and should be denied.

13. Defendant requests that plaintiff's counsel be forbidden from utilizing the terms "care crisis" or "industry crisis" in his opening statement or closing argument. Said request is not well-taken and should be denied.

14. Defendant urges the Court to preclude the introduction of testimony or documentary evidence concerning any and all policies, procedures and protocols employed by any nursing home other than Greenwood Health & Rehabilitation Center as irrelevant to the adequacy of care provided by the defendant. Plaintiff avers that the evidence defendant seeks to exclude is relevant to his punitive damages claim because it tends to establish notice of problems at all the defendant's nursing facilities and their responsiveness, or lack thereof, to such problems. Accordingly, the Court finds that the defendant's motion is not well-taken and should be denied.

15. Defendant seeks to exclude evidence or testimony concerning the defendant's purported profit motive over patient or resident care. Plaintiff urges that evidence of the defendant's continued failure to fulfill staffing needs and ensure an adequate provision of supplies is central to its claim of corporate negligence. Defendant's motion is not well-taken and should be denied.

16. Defendant also requests the entry of an order prohibiting plaintiff, his counsel, witnesses or experts from characterizing defendant's conduct in connection with staffing, treatment and/or care of Mr. Toliver or other residents, or general conditions at Greenwood Health & Rehabilitation Center as criminal, unlawful, outrageous, wanton disregard, wilful disregard, gross negligence, etc. on the grounds that such statements call for legal conclusions. Defendant's motion is granted only insofar as witnesses are not permitted to make legal conclusions; however, the motion is denied insofar as defendant seeks to prohibit the use of unfavorable characterizations that do not constitute legal terms of art.

17. Defendant requests the exclusion of any testimony, documents, or other reference to settlement negotiations as violative of F.R.E. 408. Plaintiff confesses this aspect of defendant's motion. Accordingly, it is well-taken and should be granted.

18. Defendant seeks to prohibit any testimony regarding the alleged financial ability of the defendant on grounds that it is irrelevant and would be unduly prejudicial. The plaintiff's response articulates several arguments for the admissibility of such evidence in his case in chief. In addition, should plaintiff establish a prima facie case for punitive damages, evidence of defendant's financial ability would also be relevant and admissible during the punitive damages phase of the trial. Defendant's motion is not well-taken and should be denied.

19. Defendant seeks the exclusion of any evidence, by testimony or otherwise, regarding the religious affiliation of the plaintiff or any witnesses. Because such information is irrelevant to the issues in this case, the Court finds that the defendant's motion is well-taken and should be granted.

20. Defendant requests the entry of an order prohibiting the introduction of any and all documents, testimony or expert opinion regarding complaints against the defendant which do not specifically relate to Mr. Toliver as violative of F.R.E. 403. This aspect of defendant's motion is not well-taken and should be denied for substantially the same reasons set forth in subparagraph 3.

21. Defendant seeks the exclusion of evidence of its net worth. Defendant's motion is well-taken and should be granted insofar as concerns the liability and compensatory damages phase of the trial. In the event the jury is permitted to consider punitive damages, evidence of defendant's net worth will be admissible at that time.

22. Defendant requests the entry of an order forbidding the plaintiff from delivering a closing argument which includes allegedly improper references. The essence of this motion is a request that the Court instruct plaintiff's counsel of his duty to abide by the rules of professional conduct. Defendant has demonstrated no basis for concern in this area. Accordingly, the motion is not well-taken and should be denied.

23. Defendant seeks to exclude all references to corporate misconduct involving corporate misconduct outside the context of this case, such as the debacles involving ENRON, Worldcom, etc. Defendant's motion is well-taken and should be granted.

24. Defendant requests the exclusion of testimony, comment or argument tending to suggest that defendant's nursing staff had a duty to question the treating physicians' plan of care for

Cornelius Toliver. Though artfully phrased, defendant's request is simply an attempt to limit the scope of testimony by nurses in this case. Accordingly, the motion is not well-taken and should be denied for the same reasons articulated in subparagraph 5.

25. Defendant requests the exclusion of any evidence regarding investigations or criminal records of defendant employees or former employees. Defendants fail to articulate the exact nature of the evidence sought to be excluded and the identity of the individuals involved. Because defendant failed to specify the evidence to be excluded and the grounds therefor, the motion is not well-taken and should be denied.

26. Defendant seeks the entry of an order forbidding inquiry as to the salaries of its corporate employees as irrelevant or prejudicial. Plaintiff counters that such evidence is relevant and admissible for the same reasons as the evidence of financial ability discussed in subparagraph 18. The Court concurs; defendant's motion is not well-taken and should be denied.

27. Defendant asks the Court to instruct plaintiff's counsel to avoid insulting references to defendant's corporate directors and investors. Defendant has shown no basis for surmising that plaintiff's attorneys would engage in such conduct. In the absence of supporting evidence, this motion is well-taken and should be granted for the same reasons articulated in subparagraph 22.

28. Defendant requests the exclusion of any reference to the defendant having sought protection under the Bankruptcy Code. The plaintiff confesses this aspect of defendant's motion. Accordingly, it is well-taken and should be granted.

IT IS, THEREFORE, ORDERED AND ADJUDGED that the defendant's Motion in Limine [158] should be GRANTED IN PART and DENIED IN PART, as set forth above.

SO ORDERED, this the 27th day of February, 2006.

/s/ W. Allen Pepper, Jr.
W. ALLEN PEPPER, JR.
UNITED STATES DISTRICT JUDGE