IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

CARDELL TOLIVER, IN HIS
REPRESENTATIVE CAPACITY,
ON BEHALF OF ALL WRONGFUL
DEATH BENEFICIARIES OF
CORNELIUS TOLIVER                                                                          PLAINTIFF

VERSUS                                                    CIVIL ACTION NO. 4:03CV11-P-B

NATIONAL HERITAGE REALTY, INC.,
D/B/A GREENWOOD HEALTH AND
REHABILITATION CENTER; AND JOHN
AND JANE DOES 1-10                                                                       DEFENDANTS

# ORDER

This cause is before the Court on the defendant's Motion in Limine Regarding Punitive Damages [160]. The Court, having reviewed the motion, the response, the authorities cited and being otherwise fully advised in the premises, finds as follows, to-wit:

Defendant seeks the entry of an Order prohibiting the introduction of the following categories of evidence in the compensatory damages phase, as well as the punitive damages phase, of trial:

1. Evidence of other incidents not "similar" to the plaintiff's alleged breaches and damages;

2. Evidence that defendant is associated with other nursing homes, although the relationship does not pertain to Greenwood Health and Rehabilitation Center and/or Mr. Toliver;

3. Evidence regarding incidents that did not cause harm to Mr. Toliver;

4. Evidence contained in survey citations, for which the defendants have already been punished;

5. Evidence contained in surveys that do not relate to any injuries or damages allegedly sustained by Mr. Toliver; and/or

6. Testimony of employees and former employees regarding alleged breaches in the standard of care not related to the breaches alleged by the plaintiff in this case.

The instant motion is closely related to the discussion and ruling on the defendant's Procedural Due Process Motion for Trial in Phases [162]. Accordingly, this motion is not well-taken and should be denied for much the same reason as articulated in the Court's ruling on said motion.

Other rationales also support the denial of the present motion at this time. Defendant's motion regarding punitive damages is premature inasmuch as this Court need not consider issues relating to punitive damages unless/until the jury returns a verdict for plaintiff in the compensatory damages phase of trial. In addition, defendant's motion lacks the specificity necessary to a determination of whether the other instances of conduct sought to be excluded bear a rational relationship to the individual harm suffered by Mr. Toliver for purposes of its admissibility during the punitive damages phase of trial. State Farm Mutual Insurance Company v. Campbell, 538 U.S. 408 (2003). As a final matter, the Court would also simply note that, to the extent that plaintiff's theory of liability in the compensatory damages phase depends largely on her ability to establish an "institutional culture of neglect," a broader standard of admissibility would govern that rational relationship inquiry than might otherwise apply.[1]

IT IS, THEREFORE, ORDERED AND ADJUDGED that the defendant's Motion in Limine

---

[1] If the categories of evidence sought to be excluded are relevant and admissible for purposes of establishing the plaintiff's claims of negligence and gross negligence in the liability phase of trial, then the nexus required by Campbell is necessarily satisfied.

Regarding Punitive Damages [160] is not well-taken and should be, and hereby is, DENIED.

SO ORDERED, this the 27th day of February, 2006.

/s/ W. Allen Pepper, Jr.
W. ALLEN PEPPER, JR.
UNITED STATES DISTRICT JUDGE