IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

CARDELL TOLIVER, IN HIS
REPRESENTATIVE CAPACITY,
ON BEHALF OF ALL WRONGFUL
DEATH BENEFICIARIES OF
CORNELIUS TOLIVER                                                          PLAINTIFF

VERSUS                                              CIVIL ACTION NO. 4:03CV11-P-B

NATIONAL HERITAGE REALTY, INC.,
D/B/A GREENWOOD HEALTH AND
REHABILITATION CENTER; AND JOHN
AND JANE DOES 1-10                                                       DEFENDANTS

## ORDER

This cause is before the Court on the defendant's Motion in Limine to Exclude Certain Statutes and Regulations as Standard of Care [159]. The Court, having reviewed the motion, the response, the authorities cited and being otherwise fully advised in the premises, finds as follows, to-wit:

Defendant seeks the exclusion of certain statutes and regulations as the standard of care for the instant case, arguing that the regulations upon which the plaintiff relies do not create a private right of action. This Court denied a similar motion in a related case, Jones v. National Heritage Realty, Inc., Civil Action No. 4:03CV4-P-B, on October 24, 2004. Subsequent thereto, on November 9, 2004, the Fifth Circuit rendered its decision in Gray v. Beverly-Enterprises-Mississippi, Inc., 390 F.3d 400 (2004), in which the Court of Appeals implicitly approved the admissibility of such standards as proof of negligence.

Insofar as plaintiffs urge that such regulations cannot be employed to establish the appropriate standard of care for purposes of a negligence per se claim, the Court simply defers to its prior ruling in <u>Jones</u>: "[A] motion in limine is not the proper procedural vehicle to dispose of the negligence per se claim. If the defendants wish[ed] to pursue their negligence per se argument further, they [should have] file[d] a motion for summary judgment." That rationale applies equally in this case.

IT IS, THEREFORE, ORDERED AND ADJUDGED that the defendant's Motion in Limine to Exclude Certain Statutes and Regulations as Standard of Care [159] is not well-taken and should be, and hereby is, DENIED.

SO ORDERED, this the 27th day of February, 2006.

/s/ W. Allen Pepper, Jr.
W. ALLEN PEPPER, JR.
UNITED STATES DISTRICT JUDGE