IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

CARDELL TOLIVER, IN HIS
REPRESENTATIVE CAPACITY,
ON BEHALF OF ALL WRONGFUL
DEATH BENEFICIARIES OF
CORNELIUS TOLIVER                                                                    PLAINTIFF

VERSUS                                              CIVIL ACTION NO. 4:03CV11-P-B

NATIONAL HERITAGE REALTY, INC.,
D/B/A GREENWOOD HEALTH AND
REHABILITATION CENTER; AND JOHN
AND JANE DOES 1-10                                                                   DEFENDANTS

**ORDER**

This cause is before the Court on the defendant's Procedural Due Process Motion for Trial in Phases [162]. The Court, having read the motion, the response, the authorities cited and being otherwise fully advised in the premises, finds as follows, to-wit:

Defendant seeks a trifurcated trial of the instant case. Because the procedure requested by the defendant contravenes the statutory scheme established by Mississippi Code Annotated 11-1-65 and would fail to serve the twin purposes of judicial economy and efficiency, the Court finds that the defendant's motion is not well-taken and should be denied. Instead, the Court will employ the traditional bifurcation method set forth in § 11-1-65:

> (b) In any action in which the claimant seeks an award of punitive damages, the trier of fact shall first determine whether compensatory damages are to be awarded and in what amount, before addressing any issues related to punitive damages.
>
> (c) If, but only if, an award of compensatory damages has been made against a party, the court shall promptly commence an evidentiary hearing to determine whether

punitive damages may be considered by the same trier of fact.

(d) The court shall determine whether the issue of punitive damages may be submitted to the trier of fact; and, if so, the trier of fact shall determine whether to award punitive damages and in what amount.

Miss. Code Ann. § 11-1-65(b)-(d).

IT IS, THEREFORE, ORDERED AND ADJUDGED that the defendant's Procedural Due Process Motion for Trial in Phases [162] is not well-taken and should be, and hereby is, DENIED.

SO ORDERED, this the 27th day of February, 2006.

/s/ W. Allen Pepper, Jr.
W. ALLEN PEPPER, JR.
UNITED STATES DISTRICT JUDGE