# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI
# GREENVILLE DIVISION

CARDELL TOLIVER, IN HIS
REPRESENTATIVE CAPACITY,
ON BEHALF OF ALL WRONGFUL
DEATH BENEFICIARIES OF
CORNELIUS TOLIVER                                                           PLAINTIFF

VERSUS                                              CIVIL ACTION NO. 4:03CV11-P-B

NATIONAL HERITAGE REALTY, INC.,
D/B/A GREENWOOD HEALTH AND
REHABILITATION CENTER; AND JOHN
AND JANE DOES 1-10                                                          DEFENDANTS

## ORDER

This cause is before the Court on the defendant's Motion to Exclude the Plaintiff's Trial Exhibits [218]. The Court, having reviewed the motion, the response and being otherwise fully advised in the premises, finds as follows, to-wit:

Defendant moves the Court to exclude all of plaintiff's trial exhibits on the ground that said documents were not produced to defendant prior to submission of the pretrial order. Defendant's motion is not well-taken and should be denied in this regard.

In the alternative, defendant requests the exclusion of Exhibits P-3, P-5, P-7, P-10, P-11, P-12, P-16 and P-18. After due consideration, the Court concludes that Exhibit P-3, the tape recorded conversation with Dr. Payne should not be admitted in plaintiff's case in chief unless Dr. Payne denies any statements within said recording. Plaintiff concedes defendant's motion as to Exhibit P-5. Plaintiff has not been able to obtain the document identified as Exhibit P-7; accordingly, the Court will exclude P-7 at the present time, subject to revisiting the issue should prove necessary during the course of the trial. Exhibit P-10 will be not be admitted as an exhibit at trial; however,

plaintiff remains free to utilize a time line as a demonstrative aid at trial. Defendant's motion to exclude Exhibit P-11 will be denied for the present time; plaintiff represents that the surveys are in the custody and control of the defendant; accordingly, defendant cannot have been prejudiced by plaintiff's alleged failure to produce same. Plaintiff concedes defendant's motion with regard to the Medicare Bills identified as Exhibit P-12. Finally, plaintiff's Exhibit P-18 was intended as a catch-all exhibit to cover any documentary evidence which may be disclosed to plaintiff by the defendant after entry of the pre-trial order and/or during the course of the trial. Defendant's motion is denied at the present time; the Court will reserve ruling as to the admissibility of any such documentary evidence.

Defendant also seeks the exclusion of photographs identified as Exhibit P-6 on numerous grounds including lack of authentication, admissibility, lack of foundation, relevancy and failure to comply with defendant's Request for Production of said photographs. Plaintiff's response indicates that the photographs in question were produced during Dr. Levine's June 10, 2005 deposition. Furthermore, the Court's February 28, 2005 order addressed defendant's arguments concerning relevance and admissibility. Any additional concerns defendant has regarding authentication of said photographs can be addressed prior to their introduction at the March 6, 2006 trial.

IT IS, THEREFORE, ORDERED AND ADJUDGED that the defendant's Motion to Exclude the Plaintiff's Trial Exhibits [218] is should be, and hereby is, GRANTED IN PART and DENIED IN PART as set forth in the body of this Order.

SO ORDERED, this the 2nd day of March, 2006.

/s/ W. Allen Pepper, Jr.
W. ALLEN PEPPER, JR.
UNITED STATES DISTRICT JUDGE